UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ADVANCED MARKETING, INTERNATIONAL,
INC.,

                Plaintiff,

v.                                        Case No.  5:06-cv-15-Oc-10GRJ

DONALD FERGUSON, GAELLE LIEBERMAN,
JAMES CANTRELL, CYNTHIA CANTRELL,
KENNETH KNEZEK, ROBERT BEAN, JAMES
CAMPIDILLI, and HY CITE CORPORATION,

                Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Motion To Remand And Incorporated Memorandum Of Law. (Doc. 31.) Defendants have filed their Response To Motion To Remand (Doc. 39), and the matter is now ripe for the Court's review.  For the reasons discussed below, Plaintiff's Motion To Remand (Doc. 31) is due to be **GRANTED**.

## I. BACKGROUND

This case is the third in a series of cases filed with this Court in which the parties raise nearly identical arguments concerning nearly identical facts.[2]  Plaintiff, Advanced Marketing International, Inc. ("AMI"), markets and sells kitchen equipment and cookware.  Defendants Donald Ferguson ("Ferguson"), Gaelle Lieberman

---

[1]Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[2] *See* Advanced Mktg. Int'l, Inc. v. Enriquez, No. 5:05-cv-446-Oc-10GRJ (M.D. Fla.  Feb. 2, 2006) [hereinafter *Enriquez*] and Advanced Mktg. Int'l, Inc. v. Morgan, No. 5:05-cv-435-Oc-10GRJ (M.D. Fla. Feb. 2, 2006) [hereinafter *Morgan*].

("Lieberman"), and Robert Bean ("Bean") are residents of California. Defendants James Cantrell and Cynthia Cantrell (the "Cantrells") are residents of Tennessee, Defendant Kenneth Knezek ("Knezek") is resident of Texas, and Defendant James Campidilli ("Campidilli") is a resident of Iowa.  All individually named Defendants previously worked as distributors for AMI but now work for Defendant Hy Cite.[3] All individually named Defendants received extensive distributor training from AMI and signed Distributor Agreements which included certain restrictive covenants.[4]  From July of 2005 through September of 2005, it is alleged that the individually named Defendants all ceased working for AMI without giving proper notice.

On December 27, 2005, Plaintiff filed a complaint alleging claims for tortious interference with contractual relationship against Defendant Hy Cite, and claims for breach of distributor agreement and breach of fiduciary duty against the individually named Defendants, and misappropriation of trade secrets and civil conspiracy against all Defendants.[5]  Plaintiff initially filed this action in the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida, and Defendants removed the action to this Court on January 13, 2006.[6]

Plaintiff contends that Defendants removed this case to federal court in violation of the choice of law and venue provisions in the individually named Defendants' Distributor Agreements. The relevant choice of law and venue provision in the

---

[3] Doc. 2 at 2-3.

[4] *Id.* at 4-9.

[5] Doc. 2.

[6] Doc. 1.

Distributor Agreement provides that "the validity, interpretation and performance of this agreement shall be controlled by and construed under the laws of the State of Florida. Both parties agree that any objections to venue be waived and that venue shall be *in the Circuit Court for Lake County, Florida.*"[7] Plaintiff asserts that Defendants improperly removed this action because the forum selection clause is mandatory and enforceable, thus requiring remand to state court. Although only the individually named Defendants signed the Distributor Agreements with Plaintiff, Plaintiff contends that Hy Cite and the other Defendants are so closely related for the purposes of this action that Defendant Hy Cite is also bound by the forum selection clause in the Distributor Agreement.

Defendants contend that they properly removed this action based on diversity of citizenship and that the forum selection clause does not require remand. In the two related cases, *Enriquez* and *Morgan*,[8] the Court entered reports and recommendations finding that the same forum selection clause involved in this case is enforceable thus requiring remand of those actions. The Defendants attempt to distinguish this case from *Enriquez* and *Morgan* based on the fact that three of the seven individually named Defendants in this case are California residents. Previously, the court in a related case, pending in the United States District Court for the Central District of California styled

---

[7] Emphasis added.

[8] *See* Report and Recommendation, <u>Adv. Mktg. Int'l, Inc. v. Enriquez</u>, No. 5:05-cv-446-Oc-10GRJ (M.D. Fla. Feb. 2, 2006) (Doc. 26) and Report and Recommendation, <u>Adv. Mktg. Int'l, Inc. v. Morgan</u>, No. 5:05-cv-435-Oc-10GRJ (M.D. Fla. Feb. 2, 2006) (Doc. 26). These two Report and Recommendations are virtually identical. For purposes of convenience, all future citations to these documents will cite to the Report and Recommendation issued in *Morgan*.

*Ferguson v. Advanced Marketing International, Inc,*[9] (the "California Action") denied in part and granted in part a motion to dismiss for improper venue, filed by AMI. With regard to California residents working in California the district court in the California Action denied the motion to dismiss for improper venue because enforcement of the forum selection clause in the Distributor Agreement was found to violate California public policy.[10] However, with regard to non-California residents, the District Court in the California Action granted AMI's motion to dismiss for improper venue finding that the forum selection clause in the AMI Distributor Agreement was enforceable and mandated that the case should proceed in Florida state court, the venue specified in the forum selection clause.

Defendants also suggest that this Court should not enforce the forum selection clause in the instant action because there are suits pending in California and Wisconsin, increasing the possibility of multiple and conflicting rulings.

## II. DISCUSSION

### A. *The Report and Recommendations in* Morgan *and* Enriquez

This Court previously issued Report and Recommendations in *Morgan* and *Enriquez*, companion cases to the instant action. The reasons discussed by the Court in *Morgan* and *Enriquez* supporting remand apply equally as well to this case, even though some, but not all, of the Defendants are California residents.

---

[9] Ferguson v. Advanced Mktg. Int'l, Inc., No. CV 05-6488 AHM (C.D. Cal. filed Dec. 20, 2005) (Doc. 12, Ex. E).

[10] *Id.*

4

As the Court previously noted in *Enriquez* and *Morgan,* district courts have "the inherent power to remand a removed case when it is appropriate to do so to enforce a forum selection clause."[11]  There were two reasons discussed by the Court for granting AMI's motions to remand in *Enriquez* and *Morgan.*

First, relying upon  *M/S Bremen v. Zapata Off-Shore Company*[12] and the host of cases that have followed *Bremen*, the Court concluded that federal policy favors the enforcement of forum selection clauses. The forum selection clause in the AMI Distributor Agreement, executed by all of the Defendants in this case and executed by all of the Defendants in the related cases, provides that "venue shall be in the Circuit Court for Lake County, Florida."  Based upon federal law and general contract principles,[13] the undersigned found that the forum selection clause was mandatory and therefore enforceable because the use of the word "shall," followed by the designation of a specific location, in the forum selection clause evinces the mandatory intent of the parties to the contract.[14]  Under federal law a forum selection clause can only be defeated if the party challenging enforcement establishes that the forum selection clause is unfair, unreasonable or unjust.[15]  In *Bremen* the Supreme Court identified two

---

[11] *See* Snapper, Inc. v. Redan, 171 F.3d 1249, 1263 n.26 (11th Cir. 1999) (discussing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988)).

[12] 407 U.S. 1, 15 (1972).

[13] P & S Bus. Machs., Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003).

[14] *See Morgan* at 5-6 and n.11.

[15] M/S Bremen, 407 U.S. at 15 (1972). In the objections Defendants filed in response to this Court's previous Report and Recommendation, *see* Defendants' Objection To Report and Recommendation Dated February 2, 2006 at 2-3, *Morgan* (Doc. 32), Defendants argue that the Supreme Court ordered the enforcement of the forum selection clause under federal law in *Bremen* because the Court was sitting in

(continued…)

factors that might justify refusing to enforce a forum selection clause: (1) "if enforcement

would contravene a strong public policy of the forum in which suit is brought";[16] or (2) "if

the chosen forum is seriously inconvenient for the trial of this action."[17]   Other than the

argument by the California Defendants that enforcement would violate California public

policy, the Defendants do not address either of these two factors for refusing to enforce

the forum selection clause.

---

[15](...continued)
admiralty. While the Supreme Court stated in *Bremen* that federal courts sitting in admiralty should enforce
forum selection clauses, the Court further explained that the purpose of enforcing forum selection clauses
was to provide predictability to businesses which negotiated contracts with partners around the world. As
Justice Burger opined in Bremen:

> [Forum selection] clauses are prima facie valid and should be enforced unless enforcement
> is shown by the resisting party to be 'unreasonable' under the circumstances. We believe this
> is the correct doctrine to be followed by federal district courts sitting in admiralty. It is merely
> the other side of the proposition recognized by this Court in *National Equipment Rental, Ltd.
> V. Szukehnt*, 375 U.S. 311 (1964) [*not* an admiralty case] that in federal courts a party may
> validly consent to be sued in a jurisdiction where he cannot be found for service of process
> through contractual designation of an 'agent' for receipt of process in that jurisdiction. . . . This
> approach is substantially that followed in other common-law countries including England.  It
> is the view advanced by noted scholars and that adopted by the Restatement of the Conflict
> of Laws. It accords with ancient concepts of freedom of contract and reflects an appreciation
> of the expanding horizons of American contractors who seek business in all parts of the
> world. . . . The choice of forum was made in an arms length negotiation by experienced and
> sophisticated businessmen, and absent some compelling and countervailing reason it should
> be honored by the parties and enforced by the courts.

*Id.*  at 10-12.

Furthermore, the Supreme Court did not intend to limit its holding solely to contracts arising in
admiralty, and many courts have applied the *Bremen* analysis to cases outside of admiralty. *See, e.g.,*
Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 (1974) (enforcing an agreement to arbitrate a fraud dispute
by finding that an arbitration clause was "a specialized kind of forum selection clause" analyzed under the
standard in *Bremen)*; Lipcon v. Underwriters at Lloyd's, 148 F.3d 1285, (11th Cir. 1998) (claims brought by
domestic investors in foreign underwriting exchange against exchange pursuant to the Securities Acts of
1933 and 1934, RICO, and Florida law); Evolution Online Sys., Inc., v. Koninklijke PTT Nederland N.V., 145
F.3d 505, 509-10 n.10 (2d Cir. 1998) (dispute between domestic software producer and foreign corporation
for claims involving breach of contract and copyright infringement; court explicitly found that the Supreme
Court did not limit the analysis and holding in *Bremen* only to admiralty cases); AAR Int'l, Inc. v. Nimelias
Enters., S.A., 250 F.3d 510 (7th Cir. 2001) (*Bremen* controlled analysis of *forum non conveniens* argument
where a forum selection clause was present in a lease contract).

[16]  *Bremen*, 407 U.S. at 15.

[17]  *Id.* at 16.

Second, the Court found that Hy Cite's removal of *Enriquez* and *Morgan* violated the "unanimity principle" because any consent to removal to this Court by the individual Defendants was negated by the mandatory nature of the forum selection clause. Although the parties continue to advance opposing views as to whether Hy Cite itself is bound by the forum selection clause in the Distributor Agreements, as the Court previously noted in *Enriquez* and *Morgan*, the Court does not need to address this issue because the only issue for the Court to determine is whether this case should be remanded - and not whether the claims against some but not all of the parties should be remanded.  The Court concluded in both *Enriquez* and *Morgan* that removal was improper and remand was the only appropriate remedy in cases, as here, where all Defendants have not consented to removal because at least some of the Defendants are bound by a mandatory and enforceable forum selection clause[18]

## B.  *The California Resident Defendants*

While the facts and legal arguments in this case are identical to those in *Enriquez* and *Morgan* there is one difference - three of the seven Defendants in this case are residents of California. This fact is material because under *Bremen* because refusal to enforce a forum selection clause may be justified  "if enforcement would

---

[18] *See* Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1046-1047 (11th Cir. 2001) (holding that defendant First State had waived its right to consent to removal when it issued an insurance policy to plaintiff containing a service of suit clause which stated that "in the event that First State fails to pay any amount claimed to be due under the policy, [Plaintiff] may bring suit in any court of competent jurisdiction and First State must 'comply with all requirements necessary to give such court jurisdiction.' " *Id.* at 1046. "To permit First State to consent to removal from the forum selected by Russell would defy the express language of First State's contract." *Id.* at 1047.); *see also,* Foster v. Chesapeake Ins. Co., Ltd., 933 F.3d 1207, 1217 (3rd Cir. 1991)( holding that the "legal effect" of a mandatory forum selection clause "was to waive [Defendant's] right to remove.")

contravene a strong public policy of the forum in which suit is brought."[19]  While Defendants do not advance any argument that enforcement of the forum selection clause would violate the public policy of Florida, the California Defendants argue - and the District Court in California found[20] - enforcement of the forum selection clause might violate the public policy of California, with regard to the enforcement of non-compete agreements. Relying upon the decision of the district court in the California Action the California Defendants in this case (Ferguson, Lieberman, and Bean) argue that because the forum selection clause does not bind them AMI's claims against them should not be remanded to the Florida state court.

While in the interest of federal comity,[21] this Court would also find the forum selection clause in the AMI Distributor Agreements unenforceable with respect to Defendants who are residents of California, this Court is not being called upon to do so in the context of ruling upon a motion to dismiss for improper venue, as was the case in the California action. Rather, here, the Court must determine what effect, if any, the

---

[19] *Bremen,* 407 U.S. at 15.

[20] The California district court framed the issue before it in the following manner: "whether California's policy invalidating almost all non-compete clauses is broad enough to afford protection for California citizens and residents ... who work in California for a *non-California* company [ Hy Cite of Wisconsin]." The Central District of California held that with respect to Lieberman and Ferguson, who are "citizens of California, [ ]reside in California, and direct nearly all of their marketing and sales activities towards California . . . California's fundamental policy disfavoring the enforcement of non-compete clauses militates against the application of the choice of law and forum selection provisions of AMI's distributorship agreements."

[21] "The federal courts have long recognized that the principle of comity requires the federal district courts - courts of coordinate jurisdiction and equal rank - to exercise care to avoid interference with each other's affairs. . . . The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution fo issues that call for a uniform result." Save Power, Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 950 (5th Cir. 1997) (internal citations and quotations omitted)(referring to principles of comity under the "first to file" rule).

ruling by the District Court in California would have on the Court's analysis of whether remand of this action is appropriate.

The Court concludes that the presence of the California Defendants in this action does not change the Court's view that remand is mandated. Even assuming *arguendo* that the forum selection clause is not binding on the California Defendants because of concerns of public policy - and therefore these Defendants could provide consent to removal - the fact remains that the non-California Defendants in this case are bound by the forum selection clause and cannot consent to removal as a matter of law.  It is axiomatic that for removal to be proper, *all* Defendants must consent.[22] In the absence of unanimity by all Defendants a case simply cannot be removed.

The Court's reasoning is similar to the reasoning the Court used in *Enriquez* and *Morgan* when addressing Hy-Cite's argument that the claims against it should not be remanded because it is not a party to the Distributor Agreements. While the California Defendants are parties to the Distributor Agreements, even if the forum selection clauses are unenforceable against them because of California public policy, the Court is not authorized to remand claims against some but not all of the Defendants. The removal statute authorizes the removal of a *case* - and not the removal of a claim.[23] And with respect to remand the removal statute only authorizes the remand of a *case* - and

---

[22] <u>Chicago, Rock Island & Pac. Ry. Co. v. Martin</u>, 178 U.S. 245, 247-48 (1900); <u>In re Bethesda Mem'l Hosp., Inc.</u>, 123 F.3d 1407, 1410 & n.2 (11th Cir. 1997.)  These cases all construe the language of 28 U.S.C. § 1446(a) which states that "A *defendant or defendants* desiring to remove any civil action or criminal prosecution from State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . .together with a copy of all process, pleadings, and orders served upon such *defendant or defendants in such action."* (emphasis added.)

[23] 28 U.S.C. § 1447(a)("In any case removed from state court ... ")

not the remand of a party or the remand of only a claim against a party.[24] Accordingly, the Court cannot remand only claims against certain parties and not others. As such, because of the lack of consent by the non-California Defendants removal of this action violated the unanimity principle thus mandating that this action be remanded to State court.

## C. *The Wisconsin District Court Decision*

There is one other distinguishing event applicable to the Court's decision in this case that was not applicable at the time the Court issued its report and recommendations in *Enriquez* and *Morgan.* In a related action filed by Hy Cite against AMI in the United States District Court for the Western District of Wisconsin,[25] the Court there recently found that this same forum selection clause is valid and enforceable, and even went so far as to conclude that Hy Cite is bound by the forum selection clause even though Hy Cite is not a party to the Distributor Agreement.[26]

In the Wisconsin Action, several of the same Defendants in this action (Hy Cite, Knezek, the Cantrells, Campidilli, and Bean) filed suit against AMI in the District Court for the Western District of Wisconsin seeking a declaratory judgment that: (1) the non-compte covenants in the AMI Distributor Agreements are illegal and unenforceable, (2)

---

[24] 28 U.S.C. § 1447(c)(" A motion to remand the case ... )

[25] *See* Hy Cite v. Advanced Mktg. Int'l, No. 05-C-722-2, at 8 (W.D. Wis. Apr. 10, 2006) (Doc. 41, attachment 1) [hereinafter *The Wisconsin Action.*]

[26] While this Court declined to decide whether Hy Cite was bound by the Distributor Agreements because that matter was not relevant to the issue of remand, the Wisconsin district court held that Hy Cite, in fact, was bound by the forum selection clause "[b]ecause plaintiff Hy Cite's claim [that it did not tortiously interfere with the individual plaintiffs' agreement] is both inextricably intertwined with individual plaintiffs' claims and entirely dependent on individual plaintiffs' agreements[,] it satisfies the closely related and forseeability requirements."  *The Wisconsin Action* at 10-11.

the distributors did not breach the non-solicitation clauses in their Distributor

Agreements, (3) the liquidated damages clauses in the Distributor Agreements are

unenforceable, and (4) Hy Cite did not tortiously interfere with Plaintiffs' Distributor

Agreements. AMI, filed a motion to dismiss for improper venue and for failure to state a

claim upon which relief can be granted.

The district court in the Wisconsin Action relied upon federal law in analyzing the

validity of the forum selection clause in the Distributor Agreements.[27] Like this Court, the

district court in the Wisconsin Action, held that the use of the words "shall be" and the

designation of "in the Circuit Court for Lake County, Florida" clearly manifested an

intent to make venue compulsory and exclusive because the language is obligatory.[28]

Moreover, the district court in the Wisconsin Action rejected the argument that the case

should be litigated there under the first-filed rule and further observed that due to the

"voluminous litigation history between the parties . . . it is unclear whether plaintiffs'

action in this district even constitutes the first-filed action."[29]

The district court in the Wisconsin Action concluded that the forum selection

clause was mandatory and enforceable with respect to all of the non-California resident

Plaintiffs[30] and that the forum selection clause bound Hy Cite as well. Lastly, while the

Wisconsin district court recognized that it was in the interest of "judicial economy" to

---

[27] See id. at 6.

[28] Id. at 8 (citing to Paper Express, Ltd. v. Pfankuch Maschinen GmbH, 972 F.2d 753, 756 (7th Cir. 1992)).

[29] Id. at 9 n.1.

[30] Robert Bean, the California resident who is a Defendant in the instant action, was a Plaintiff in the Wisconsin Action. However, the district court in Wisconsin did not have to make a ruling regarding the enforceability of the forum selection clause with respect to Bean because Bean sought to be voluntarily dismissed from the case so that he could pursue a declaratory judgment action in the United State District Court for the Southern District of California. Id. at 10.

have the parties resolve their disputes in a single forum, that forum should be the one mandated by the forum selection clause, the Circuit Court for Lake County.  This Court agrees with the district court in Wisconsin that "[e]nforcing the forum selection clause is the clearest way to avoid the multiple and conflicting rulings plaintiffs' fear will occur."

In the final analysis this Court and the district courts in California and Wisconsin have all spoken with one voice and concluded that the forum selection clause in the AMI Distributor Agreement is valid and enforceable, at least with regard to distributors who are not California residents working in California.    Accordingly, because there is virtual unanimity among these federal courts that the forum selection clause in this case is enforceable, this action must be remanded to the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida - the forum designated by the parties in their Distributor Agreement for resolution of disputes.

### III. RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Motion To Remand (Doc. 31) be **GRANTED**.[31]

**IN CHAMBERS** in Ocala, Florida, on April 28, 2006.

_____
GARY R. JONES
United States Magistrate Judge

Copies to:

The Honorable Wm. Terrell Hodges
Senior United States District Judge

Counsel of Record

---

[31] Because the Court is recommending remand of this case, the Court need not address Defendants' Motion To Dismiss, Transfer, Or Stay. (Doc. 11.) The grounds for a stay are now moot because both the district court in California and the district court in Wisconsin have now ruled on the enforceability of the forum selection clause. As to the motions to dismiss and transfer both of these motions are also moot because the Courts in California and Wisconsin have both concluded that the claims there should be brought in a Florida state court as required by the forum selection clause.